Linda S. LaRue
Quilling, Selander, Lownds, Winslett & Moser, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas  75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llarue@qslwm.com (Email)

ATTORNEYS FOR LISA E. AVIGNONE-POTTER, Movant

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| FRANK TITUS AVIGNONE, IV and SARAH SIEG AVIGNONE, | § § § | CASE NO. 14-41587 (Chapter 13) |
| DEBTORS. | § § | |
| LISA E. AVIGNONE-POTTER, | § § | |
| Movant | § § | |
| v. | § § | CONTESTED MATTER |
| FRANK TITUS AGIVNONE, IV AND JANNA COUNTRYMAN, CHAPTER 13 TRUSTEE, | § § § § § | |
| Respondents | | |

**MOTION AND BRIEF OF LISA E. AVIGNONE-POTTER FOR RELIEF FROM AUTOMATIC STAY TO ENFORCE DOMESTIC SUPPORT OBLIGATIONS AGAINST DEBTOR FRANK TITUS AVIGNONE, IV IN STATE COURT, WAIVER OF 30-DAY HEARING REQUIREMENT AND REQUEST FOR HEARING IN PLANO, TEXAS**

**Notice**

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE HEREOF UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH RESPONSE. IF NO RESPONSE IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED AND THE COURT MAY ENTER AN ORDER**

**GRANTING THE RELIEF SOUGHT. IF A RESPONSE IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

TO THE HONORABLE BRENDA T. RHOADES, U.S. BANKRUPTCY JUDGE:

Lisa E. Avignone-Potter, Movant and creditor herein, files her Motion and Brief for Relief from Automatic Stay to Enforce Child Support Obligations Against the Debtor Frank Titus Avignone, IV in State Court, Waiver of 30-Day Hearing Requirement and Request for Hearing in Plano, Texas and in support hereof would respectfully show the Court as follows:

## I. PARTIES

1. Frank Titus Avignone, IV ("Debtor") filed for relief under Chapter 13 of Title 11 of the United States Code on July 28, 2014 along with his current wife, Sarah Sieg Avignone ("Petition Date").

2. Janna Countryman is the Chapter 13 Trustee herein.

3. Lisa E. Avignone-Potter ("Avignone-Potter") is the ex-wife and a creditor of the Debtor and his Estate by virtue of that certain *Agreed Final Decree of Divorce* ("Divorce Decree" or "Final Decree"), signed on July 25, 2006, by Curt Henderson, District Judge of the 219th for the 416th Judicial District of Collin County, Texas ("State Court") in that certain case styled: *In the Matter of the Marriage of Frank Titus Avignone and Lisa Burkett Avignone and in the Interest of Alyssa Taylor Avignone and Bailey Nicole Avignone, Children* ("Family Law Case"), with cause number 416-52631-04. In 2014, the Family Law Court modified the Divorce Decree (the "Modification").

## II. JURISDICTION

3.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. § 362. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## III. RELIEF REQUESTED

4.  Since the entry of the Divorce Decree and Modification, Frank Avignone has failed to comply with certain specific requirements therein. But for the filing of the Debtor's bankruptcy case, Avignone-Potter would have sought enforcement of the provisions of the Divorce Decree and the Modification. Specifically, Debtor owes Avignone-Potter money for medical expense reimbursement as additional child support plus attorney fees and costs.

5.  It is clear that the automatic stay provided by the Bankruptcy Code does not stay certain actions concerning the enforcement of a divorce decree or any modifications; however, it does prevent the continuation of action to enforce a divorce decree to the detriment of or the collection against property of the estate. In this case, the enforcement action may result in money damages which would constitute a liquidated claim in the bankruptcy case or civil or criminal contempt. The State Court may also levy a monetary penalty against the Debtor, which Avignone-Potter will seek to enforce against the Debtor and his estate in this Court. To the extent that any ruling impacts the estate, Avignone-Potter will return to this Court for further rulings.

6.  Avignone-Potter requests the Court modify the stay to allow her to pursue her enforcement actions and to allow the State Court to issue judgments and orders concerning (a) domestic support obligations; and (b) enforcement of the State Court's prior rulings. Such action

may result in money damages and are, nevertheless, non-dischargeable under 11 U.S.C. §523(a)(5) and (15).

## IV.  ARGUMENT AND AUTHORITIES

7.  The Bankruptcy Code provides that a bankruptcy court shall lift the stay for "cause."  11 U.S.C. § 362(d)(1).  The Bankruptcy Code does not define what constitutes "cause," so courts must determine whether relief is appropriate on a case-by-case basis.  *Claughton v. Mixson*, 33 F.3d 4, 5 (4th Cir. 1994).

8.  In the case at bar, "cause" exists to lift the stay to allow Avignone-Potter's claims regarding domestic support obligations to proceed against the Debtor.

9.  Bankruptcy courts routinely lift the automatic stay to allow family law matters to proceed.  "It is appropriate for bankruptcy courts to avoid invasions into family law matters out of consideration of court economy, judicial restraint, and deference to [state court judges] and their established expertise in such matters."  *White v. White*, 851 F.2d 172, 173 (6th Cir. 1988) (citations and internal quotation marks omitted).  Family law cases require inquiry into factors that are ordinarily better left to state courts.  *Robbins v. Robbins*, 964 F.2d 342, 346 (4th Cir. 1992).  Thus, bankruptcy courts should give "significant deference" to state courts in family law matters.  *Robbins*, 964 F.2d at 345.

10.  The factors some courts have considered in deciding whether to lift the stay to allow a preexisting state court lawsuit to proceed include the following:

(a)  whether the issues involved in the pending litigation involve only state law, so the expertise of the bankruptcy court is unnecessary;

(b)  whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court; and

(c) whether the estate can be protected properly by a requirement that creditors seek enforcement of any judgment through the bankruptcy court.

*Robbins*, 964 F.2d at 345.

11. In the case at bar, all three factors compel lifting the stay to allow the Movant to pursue her claims in the State Court. First, the issues involved in the Family Law Case are purely matters of state law. The interpretation of a divorce decree and related matters are strictly a matter of state law. The expertise of this Court is not at all necessary for determination of the issues pending in the Family Law Case.

12. Second, judicial economy will be served by allowing the State Court to finish what the parties started there. This Court should not, and likely cannot[1], re-determine the matters already decided by the State Court. The State Court routinely considers issues involving the enforcement of orders involving family law matters. Granting the relief requested herein will allow the State Court to rule on the matters already before it. This Court certainly should not become mired in the issues of interpretation and enforcement of a divorce decree and modification.

13. Third, the Debtor's bankruptcy estate is fully protected by the requirement that creditors enforce any judgment from the State Court through the bankruptcy case in this Court. The Movant requests only that the stay be lifted to allow the Family Law Case to proceed to conclude the enforcement and any related actions, and that any monetary award rendered against the Debtor by the State Court be satisfied in accordance with applicable orders of this Court. That is exactly the kind of relief awarded in other bankruptcy cases under similar circumstances.

---

[1]*See Besing v. Hawthorne*, 981 F.2d 1488, 1496 (5th Cir.), *cert. denied* 510 U.S. 821 (1993) ("The Bankruptcy Code was not intended to give litigants a second chance to challenge a state court judgment nor did it intend for the Bankruptcy Court to serve as an appellate court for [state court proceedings].")

## V.  CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Movant respectfully requests that this Court grant this Motion; enter an order lifting the automatic stay to allow Movant to pursue the enforcement of her claims arising from the Divorce Decree and Modification including the issuance of judgments and orders concerning (a) domestic support obligations;  (b) enforcement of the Family Law Court's prior rulings; and (c) any further or additional relief to which Movant may show herself entitled, either general or special, at law or in equity.

Respectfully submitted,

QUILLING, SELANDER,  LOWNDS,
WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llarue@qslwm.com (Email)


By:     */s/ Linda S. LaRue*
          Linda S. LaRue
          State Bar No. 24046269

ATTORNEYS FOR
LISA E. AVIGNONE-POTTER

## CERTIFICATE OF CONFERENCE

I hereby certify that on August 15, 2014, I contacted counsel for the Debtor. Counsel is opposed to the relief requested herein.

>                */s/ Linda S. LaRue*
>                Linda S. LaRue

## NOTE REGARDING EXHIBITS

To save the burden and expense of copying and mailing, this pleading has been served to all parties *note receiving electronic notice of the filing* without the referenced exhibits. Any party in interest who wishes to receive a copy of the exhibits, free of charge, may contact the office of the attorney referenced above.

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of August, 2014, a true and correct copy of the foregoing document was served by first class mail, postage prepaid, on the persons and entities set forth on the attached service list.

>                */s/ Linda S. LaRue*
>                Linda S. LaRue

4849-1750-4796, v. 1