

Prevost & Shaff
1518 Legacy Drive
Suite 250
Frisco, Texas 75034

Phone: (972) 239-6200
Bar Number: 00797414

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

IN RE:   Frank Titus Avignone, IV
         xxx-xx-9679

         Sarah Sieg Avignone
         xxx-xx-4933

                 Debtor(s)

§
§
§
§
§

CASE NO   14-41587

CHAPTER   13

AGREED

## ORDER CONFIRMING MODIFIED CHAPTER 13 PLAN AND RELATED ORDERS

After notice and hearing, wherein the Court considered the matters on file herein, including the Trustee's Report of Creditors Meeting held pursuant to Section 341 of the Bankruptcy Code, and all objections to confirmation of the Plan, the Court finds:

1. Written notice of the Meeting of Creditors held pursuant to 11 U.S.C. § 341 and of this hearing on the confirmation of the Plan was given as required by Rule 2002; and

2. All scheduled creditors have been served with a copy of the Debtor's Plan or a summary thereof in accordance with Rule 3015; and

3. The Plan as presented for confirmation (hereinafter referred to as "the Plan") complies with the provisions of Chapter 13 of Title 11 of the United States Code and the other applicable provisions of said Title; and

4. With respect to each allowed secured claim provided for by the Plan, the holder of such claim either accepted or was deemed to have accepted the Plan, or, in the alternative

    a. The Plan provides that the holder of such claim retain the lien securing such claim; and

    b. The value, as of the effective date of the Plan, of property to be distributed under the Plan on account of such claim is not less than the allowed amount of such claims; or

    c. The Debtor has surrendered or abandoned the collateral securing such claim; or

    d. The treatment of the claim complies with 11 U.S.C. § 1322(b).

IT IS THEREFORE ORDERED THAT:

1. The Debtor's Plan as filed or as amended by this Order is CONFIRMED.

2. The Debtor(s) shall pay the sum of __(A Variable Amount)__ per month for _____60_____ payments together with any income tax refunds that the debtor receives during the life of the plan for a total of _____$109,720.00_____ to:
   Carey Ebert
   Post Office Box 628
   Tyler, Texas 75710

beginning _____August 28, 2014_____ and continuing until all of the allowed claims provided for under the Plan have been paid in accordance with the terms of the Plan, of this Order, or until further order of the Court.   Please see Exhibit "B" for a schedule of the variable payments into the Plan.   Exhibit "B" is hereby incorporated and made a part of this Order.

3. The Trustee shall make disbursements pursuant to the provisions of the Plan, Section 1326 of the Bankruptcy Code, and shall pay only such claims which have been allowed by the Court. The Trustee shall make such disbursements monthly, unless otherwise provided for by the Plan, but shall not be required to pay any dividend in an amount less than $15.00 and dividends not distributed because of this provision shall accumulate and be paid when such accumulation aggregates $15.00 or more.

4. The Debtor(s) shall not incur additional debt during the term of this Plan except upon written approval of the Trustee. Failure to obtain such approval may cause the claim for such debt to be unallowable and non-dischargeable.

5. The order of payment, unless otherwise directed, shall be:

   a. The percentage fee fixed for the Trustee pursuant to 11 U.S.C. § 1302(3);

   b. Any unpaid claim of the kind specified in 11 U.S.C. § 507(a).

   c. Creditors whose claims are timely filed and allowed in such amount and order of preference as may be provided by the Plan or as may be required to provide adequate protection of the interest of an entity with an interest in property of the estate as ordered by the Court, or as deemed necessary within the discretion of the Trustee.

6. The following priority, administrative, debtor attorney fees and specially classified claims are known to the Court at this time and are allowed as follow:

| Name of Creditor and Class or Type | Claim Amount | Principal Amt To Be Paid | Interest Rate | Monthly Payment | Term | Total Paid |
|---|---|---|---|---|---|---|
| Department of Treasury (Priority) | $12,345.83 | $12,345.83 | 0% | Pro-Rata | 1-50 | $12,345.83 |
| Lisa Avignone-Potter (Priority) | $14,708.55 | $14,708.55 | 0% | Pro-Rata | 1-50 | $14,708.55 |
| Prevost & Shaff (Attorney Fees) | $2,581.00 | $2,581.00 | 0% | First Funds | | $2,581.00 |

7. Pursuant to 11 U.S.C. § 1325(a)(5)(B)(i) the holder of any allowed secured claim shall retain its lien securing the underlying debt until the earlier of the payment of the underlying debt as determined under nonbankruptcy law or the debtor(s) obtain a discharge under Section 1328 of the Bankruptcy Code.

8. The following secured claims are known to the Court at this time and are allowed as follows:

| Name of Creditor Collateral | Amount Claimed Value of Collat. | Principal Amt to Be Paid | Interest Rate | Monthly Payment | Term | Estimated Total Paid |
|---|---|---|---|---|---|---|
| Green Planet Servicing homestead | $37,761.67 $37,761.67 | $37,761.67 | 3.75% | Pro-Rata | 1-50 | $40,978.19 |
| Wells Fargo Auto 2007 GMC Yukon XL | $7,688.80 $10,850.00 | $7,688.80 | 8% | Pro-Rata | 1-50 | $9,171.48 |

9. The secured creditors listed below held a non-possessory, non-purchase money security interest on Debtor(s) exempt property. Their lien has been avoided and their claim is treated as unsecured and paid pursuant to (13) below:

| Name of Creditor | Collateral Description | Amount of Claim |
|---|---|---|
| | | |

10. The Debtor(s), in lieu of the Trustee, shall make disbursements on the following portions of secured claims dealt with in the Plan:

| Name of Creditor | Collateral Description (if any) | Monthly Amount | Balance |
|---|---|---|---|
| Green Planet Servicing | homestead | | $603,864.00 |
| US Department of Education | | | $129,095.20 |
| US Department of Education | | | $18,910.47 |

11. The following secured claims are not dealt with in the Debtor's Plan, and therefore, the automatic stay provisions of 11 U.S.C. Sec. 362 are hereby terminated and annulled only with respect to the collateral encumbered by each of the following claims:

| Name of Creditor | Collateral Description | Claim | Value | Deficiency |
|---|---|---|---|---|
| | | | | |

The automatic stay provisions of Title 11 U.S.C. Sec. 362 remain in effect as to Debtors.
The remaining portion of the debt (deficiency), if any, shall be treated as any other unsecured claim under this plan.

12. All executory contracts of the Debtor(s) are hereby assumed unless specifically rejected herein.

| Name of Creditor | Contract is assumed or rejected |
| --- | --- |

13. All funds remaining after payment of the allowed secured, priority, administrative and Debtor(s) attorney fee claims specifically provided for in the Debtor's Chapter 13 Plan hereby confirmed shall be distributed Pro-Rata among the unsecured creditors whose claims have been duly filed and allowed.

    The foregoing provisions regarding secured and priority claims are based upon claims that have been filed or otherwise disclosed to this Court as of this date. The Court retains jurisdiction to review this Order upon the request of any interested party if additional claims are filed and allowed subsequent to the entry of this Order, which would render inaccurate the Court's findings.

14. The Court finds that the attorney's fees of the Attorney(s) for Debtor(s) in this case are reasonable, necessary and of benefit to the estate.

15. IT IS FURTHER ORDERED that upon confirmation, all property of the estate shall vest in the Debtor(s) subject to the automatic stay of 11 U.S.C. §362 until an order of Discharge or Dismissal is entered.

## Additional Provisions of the Plan

**Domestic Support Obligation Claimant**

Lisa Avignone-Potter
4121 Burnhill Drive
Plano, Texas 75024

Priority Claim in the amount of $14,708.55 is to be paid in equal monthly installments for the benefit of Lisa Avignone-Potter.

**UCP**

Debtors plan to remain at 100% to unsecured creditors with timely filed proofs of claims. Debtors do not waive their rights to object to objectionable claims.

**Bonus**

Debtors will dedicate all bonuses, net of taxes, within 10 days of receipt.

Signed on 04/18/2016

*Brenda T. Rhoades*   SD

HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE

APPROVED AS TO FORM AND SUBSTANCE:

_____
Louis A. Shaff
Attorney for Debtor

2/11/16
_____
Date

_____
Carey Ebert
Chapter 13 Trustee

4-12-16
_____
Date

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

IN RE:  **Frank Titus Avignone, IV**
      **Sarah Sieg Avignone**
        *Debtor(s)*

CASE NO   **14-41587**

CHAPTER   **13**

## EXHIBIT "B" - VARIABLE PLAN PAYMENTS

### PROPOSED PLAN OF REPAYMENT (VARIABLE PAYMENTS INTO THE PLAN)

| Month / Due Date | Payment | | Month / Due Date | Payment | | Month / Due Date | Payment |
|---|---|---|---|---|---|---|---|
| 1  08/28/2014 | $1,325.00 | | 21  04/28/2016 | $1,945.00 | | 41  12/28/2017 | $1,945.00 |
| 2  09/28/2014 | $1,325.00 | | 22  05/28/2016 | $1,945.00 | | 42  01/28/2018 | $1,945.00 |
| 3  10/28/2014 | $1,325.00 | | 23  08/28/2016 | $1,945.00 | | 43  02/28/2018 | $1,945.00 |
| 4  11/28/2014 | $1,625.00 | | 24  07/28/2016 | $1,945.00 | | 44  03/28/2018 | $1,945.00 |
| 5  12/28/2014 | $1,625.00 | | 25  08/28/2016 | $1,945.00 | | 45  04/28/2018 | $1,945.00 |
| 6  01/28/2015 | $1,625.00 | | 26  09/28/2016 | $1,945.00 | | 46  05/28/2018 | $1,945.00 |
| 7  02/28/2015 | $1,625.00 | | 27  10/28/2016 | $1,945.00 | | 47  08/28/2018 | $1,945.00 |
| 8  03/28/2015 | $1,625.00 | | 28  11/28/2016 | $1,945.00 | | 48  07/28/2018 | $1,945.00 |
| 9  04/28/2015 | $1,625.00 | | 29  12/28/2016 | $1,945.00 | | 49  08/28/2018 | $1,945.00 |
| 10  05/28/2015 | $1,625.00 | | 30  01/28/2017 | $1,945.00 | | 50  09/28/2018 | $1,945.00 |
| 11  06/28/2015 | $1,625.00 | | 31  02/28/2017 | $1,945.00 | | 51  10/28/2018 | $1,945.00 |
| 12  07/28/2015 | $1,625.00 | | 32  03/28/2017 | $1,945.00 | | 52  11/28/2018 | $1,945.00 |
| 13  08/28/2015 | $1,625.00 | | 33  04/28/2017 | $1,945.00 | | 53  12/28/2018 | $1,945.00 |
| 14  09/28/2015 | $1,625.00 | | 34  05/28/2017 | $1,945.00 | | 54  01/28/2019 | $1,945.00 |
| 15  10/28/2015 | $1,625.00 | | 35  06/28/2017 | $1,945.00 | | 55  02/28/2019 | $1,945.00 |
| 16  11/28/2015 | $1,625.00 | | 36  07/28/2017 | $1,945.00 | | 56  03/28/2019 | $1,945.00 |
| 17  12/28/2015 | $1,625.00 | | 37  08/28/2017 | $1,945.00 | | 57  04/28/2019 | $1,945.00 |
| 18  01/28/2016 | $1,625.00 | | 38  09/28/2017 | $1,945.00 | | 58  05/28/2019 | $1,945.00 |
| 19  02/28/2016 | $1,625.00 | | 39  10/28/2017 | $1,945.00 | | 59  08/28/2019 | $1,945.00 |
| 20  03/28/2016 | $1,945.00 | | 40  11/28/2017 | $1,945.00 | | 60  07/28/2019 | $1,945.00 |